# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHN McBRIDE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. LOPEZ, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:10-cv–02229-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 18, 19)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

**I.     Procedural History**

Plaintiff James John McBride, a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on December 2, 2010. (ECF No 1.) This action is proceeding against Defendants S. Lopez, R. Ruggles, M. Perez, D. Lopez, S. Kotch, and R. Athey for excessive force and R. Athey for failure to intervene in violation of the Eighth Amendment. (ECF No. 10.) On May 14, 2012, Defendants filed a motion to dismiss for failure to exhaust administrative remedies. (ECF No. 18.) Plaintiff filed an opposition on June 7, 2012. (ECF No. 19.)

In light of the decision in <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir. 2012), Plaintiff was provided with notice of the requirements for opposing a motion to dismiss on July 13, 2012, and granted thirty days in which to withdraw his opposition and file an amended opposition. (ECF Nos. 20, 21.) Plaintiff was advised that, if he failed to file an amended opposition, his existing opposition

would be considered in deciding the motion to dismiss. More than thirty days have passed and Plaintiff has not filed an amended opposition.

## II. Motion to Dismiss

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006). All available remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Id at 741; see Woodford, 548 U.S. at 93.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which defendants have the burden of raising and proving the absence of exhaustion. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting Wyatt, 315 F.3d at 1119-20). If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira, 427 F.3d at 1171.

### B. Complaint Allegations

Plaintiff alleges that Defendants S. Lopez, R. Ruggles, M. Perez, D. Lopez, S. Koch, and R.

Athey hit and kicked him, breaking his nose and causing swelling to his head and eyes. Additionally, Plaintiff claims that the defendants were under Defendant Athey's command and she refused to stop them from beating Plaintiff, but joined them in attacking him.

**C.    Discussion**

Defendants argue that Plaintiff failed to submit a timely inmate appeal regarding the incident alleged in the complaint and therefore has failed to exhaust his administrative remedies. Plaintiff concedes that he did not submit a timely appeal, but argues that his failure to submit an appeal was excused because he was afraid of retaliation from the correctional officers involved in the attack.

Plaintiff states that while he was alone in his cell, in pain and suffering from the injuries he sustained in the incident, Defendants S. Lopez and Ruggles threatened him. (Opp. 4, ECF No. 19.) Plaintiff alleges that on one or more occasions Defendants Ruggles and Lopez told Plaintiff that he was lucky because his condition could have been much worse. Plaintiff claims that he was afraid he would be harmed if he filed an appeal, but ultimately became more concerned that he might be harmed if he did not report the incident. (ECF No. 19 at 7.)

The Ninth Circuit has found that where circumstances render exhaustion of remedies unavailable, exhaustion is not required. Sapp. 623 F.3d at 822; Nunez v. Duncan, 591 F.3d 1217, 1225 (9th Cir. 2010.) An exception exists where the inmate took reasonable and appropriate steps to exhaust his administrative remedies and was unable to exhaust through no fault of his own. Nunez, 591 F.3d at 1224.

The Ninth Circuit has not considered the issue of whether retaliation or threats can excuse exhaustion, but district courts have found that fear of retaliation is not an exception to the exhaustion requirement. See, e.g. Rasheed v. Nevada Dept. Of Corrections, No. 2:11-cv-01411-JCM-CWH, 2012 WL 1810970, at *2 (D.Nev. May 17, 2012); Garcia v. Baca, 2008 WL 5119156, at * 4, No. CV-06-4837-FMC (C.D. Cal. Dec. 2, 2008); Ketchens v. Rocha, 2006 WL 1652658, at * 2, No. 1:05-cv-0131-OWW-LJO (E.D. Cal. June 14, 2006.); Williams v. Lewis, 2005 WL 1829698, at * 5, No. CVF99-6523-OWW-LJO (E.D.Cal. July 26, 2005). While a conclusory claim that an inmate did not exhaust administrative remedies for fear of retaliation would not be sufficient to excuse the exhaustion requirement, it seems clear that there would be circumstances in which the threats or

retaliation could be sufficiently serious to raise the issue of whether exhaustion was excused.

Several circuits that have considered this issue have held that retaliation or the threat of retaliation may make administrative remedies unavailable to an inmate. In <u>Hemphill v. New York</u>, 380 F.3d 680 (2nd Cir. 2004), the Second Circuit considered whether administrative remedies were unavailable due to threats made by prison officials. The inmate alleged that on two occasions correctional officers assaulted him and told him to drop his complaint. <u>Hemphill</u>, 380 F.3d at 683. The appellate court adopted an objective test, in which "the courts looks at whether 'a similarly situated individual of ordinary firmness would have deemed the grievance procedures to be available,'" and remanded the action for the district court to consider the inmate's allegation. <u>Hemphill</u>, 380 F.3d at 690.

In <u>Kaba v. Steep</u>, 458 F.3d 678 (7th Cir. 2006), the Seventh Circuit adopted the same test and found that a triable issue existed as to whether an inmate's administrative remedies were unavailable where the inmate alleged he was repeatedly told that if he filed an inmate grievance he would never be transferred from the institution, he was denied the necessary forms to file a grievance, and he was beaten by another inmate at the direction of prison officials. <u>Kaba</u>, 458 F.3d at 682-83, 685.

The Eleventh Circuit used a two prong test in <u>Turner v. Burnside</u>, 541 F.3d 1077 (11th Cir. 2008), considering whether "(1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursing the part of the grievance process that the inmate failed to exhaust." <u>Turner</u>, 541 F.3d at 1085. The inmate had alleged that when he submitted his grievance the warden told him that if he pursued the grievance they would put him in a van and transfer him so far away he would never see his family again. The warden then tore up the grievance and told the inmate he better not hear of any more grievances being filed regarding the incident. <u>Id.</u> at 1081. The appellate court found triable issues regarding whether the warden's actions caused administrative remedies to be unavailable. <u>Id.</u> At

Finally, in <u>Tuckel v. Grover</u>, 660 F.3d 1249 (10th Cir. 2011), the Tenth Circuit adopted the <u>Turner</u> test, finding that "[o]nly threats that are sufficiently serious and are retaliatory acts that are severe enough to deter a reasonable inmate will result in an administrative remedy becoming

unavailable for PLRA purposes." Tuckel, 660 F.3d at 1254.

In this instance, after Plaintiff is alleged to have gassed and attempted to strike Defendant Lopez in the face, Plaintiff claims that the six defendants began hitting and kicking him repeatedly in the face and head. Accepting the facts as alleged as true, the statements made by the officers that Plaintiff was lucky not to be more seriously injured merely state a fact and are not overtly threatening. The statement that Plaintiff was lucky he was not more seriously injured is not conduct that would deter an inmate of ordinary firmness from pursuing the grievance process. Additionally, the mere allegation that Defendants told Plaintiff he was lucky not to be more seriously injured is distinguishable from the cases discussed above that found a triable issue existed. Plaintiff does not allege that any officer threatened him if he filed a grievance or attempted to prevent him from filing a grievance. Regardless of which standard is applied here, the Court finds that Plaintiff has failed to show that he faced a serious threat of substantial retaliation for pursing the grievance process that would make administrative remedies unavailable. Turner, 541 F.3d at 1085.

Finally, Plaintiff did pursue the grievance process, but admits that he did not filed the appeal within the fifteen working days required by the regulations. The incident occurred on July 4, 2010, and Plaintiff's appeal, filed September 16, 2010, was denied on October 6, 2010, as untimely. (ECF No. 1 at 8, 10.) Plaintiff resubmitted his appeal claiming he failed to timely filed because he was afraid of retaliation, and the resubmission was denied on October 25, 2010. (Id. at 11, 12.) Because Plaintiff did not exhaust his administrative remedies, Defendants motion to dismiss should be granted.

## IV. Conclusion and Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss for failure to exhaust administrative remedies, filed May 14, 2012, should be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 12, 2012**                          **/s/ Barbara A. McAuliffe**
                                                                          UNITED STATES MAGISTRATE JUDGE